## Don Allison v. The State.

No. 15895.   Delivered May 10, 1933.
Appellant's Rehearing Denied June 7, 1933.
Reported in 60 S. W. (2d) 779.

The opinion states the case.

*J. H. Baker,* of San Saba, and *J. E. Allison* and *T. B. Ridgell,* both of Breckenridge, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.——Aggravated assault is the offense; penalty assessed at confinement in the county jail for thirty days and a fine of one hundred dollars.

The following is a synopsis of the evidence: Rush Allison, a brother of the appellant, had purchased four cows from Baxter, the injured party. Allison executed his note for $400 and gave a mortgage on the four head of cattle, as well as on some cows which belonged to his mother. Allison was unable to pay the note at its maturity. The cattle, including those belonging to the mother of Allison, were delivered to Baxter, in settlement of the debt. Don Allison, accompanied by a man named Ballard went to see Baxter for the express purpose of endeavoring to get Baxter to deliver to Mrs. Allison one of the cows which belonged to her. Baxter refused this request and was assaulted by Don Allison, who used his fist in the encounter. Baxter was unable to cope with Allison and received injuries about his head and face which the doctor testified were severe and required some treatment, and which, if infected, might become very serious.

The court submitted the issues to the jury in a charge which is criticised in some particulars by the appellant but which is regarded as sufficiently presenting the issues; that is, that

serious injuries were inflicted with premeditated design by the use of the fists or hands of the appellant.

From bill of exception No. 1, it is made to appear that the city marshal of San Saba was introduced by the state as a witness, and testified that he arrested the appellant about two o'clock in the afternoon on the 6th of November, 1932. He was asked by the city attorney if Don Allison was drunk at the time of such arrest. Appropriate objection was made to the question which the court overruled and permitted the officer to testify as follows: "From my experience with me, he was drunk."

Intoxication at a given time and place may, under certain circumstances, become relevant. See Underhill on Criminal Evidence (3rd Ed.), secs. 276-277; Roberts v. State, 117 Texas Crim. Rep., 418.

In the present instance, no circumstance or condition revealed by the record suggests the relevancy of the testimony mentioned. The injured party, members of his family, and others were present at the time of the alleged assault. Some of them testified as witnesses but none of them gave testimony to the effect that the appellant was under the influence of intoxicants. The evidence in question relates to the time that the apellant was arrested, which was on the same day but some time subsequent to the alleged assault. In the absence of a showing that it had some lawful bearing upon the encounter, its effect could not have been other than injurious to the accused. Appellant did not testify as a witness. The evidence that he was drunk reflected upon him as showing that he was probably guilty of the offense of drunkenness in a public place. Moreover, it tended to bring him into disrepute with the jury as one who held in contempt the laws of the land prohibiting the traffic in intoxicating liquor.

Because of the error mentioned, the judgment is reversed and the cause remanded.

*Reversed and remanded.*